IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 1:26-CR-00172 |
| | : | |
| v. | : | (Judge Wilson) |
| | : | |
| WILLIAM D. BRENNER | : | (Electronically Filed) |

**MOTION TO MODIFY CONDITIONS RELEASE**

COMES NOW, the Defendant, William D. Brenner, by attorney, Beatrice F. Diehl, Esquire, of the Federal Public Defender's Office, and files this Motion to Modify Conditions of Release, averring as follows:

1. By Indictment filed August 5, 2026, Mr. Brenner was charged with two counts of wire fraud, in violation of 18 U.S.C. § 1343; and six counts of unlawful monetary transactions in violation of 18 U.S.C. § 1957.

2. On September 2, 2026, Mr. Brenner appeared before the Honorable Daryl Bloom and entered a plea of not guilty. He was released on a variety of conditions.

3. Of note, Mr. Brenner was found not to qualify for court-appointed counsel. He has not yet been able to retain counsel, however, and has asked for this motion to be filed immediately. Thus, the undersigned is providing limited representation for this emergency motion.

4. Part of Mr. Brenner's conditions include limited travel between the Middle District of Pennsylvania and the District of Kentucky. Mr. Brenner owns a

commercial hunting lodge in Kentucky, the property for which the indictment centers on.

5. This property hosts guests on hunting trips and Mr. Brenner is the sole employee beyond volunteers. He has no other way to host these guests at the lodge.

6. While the Court allowed Mr. Brenner the ability to travel to Kentucky with permission from the probation officer, when Mr. Brenner told the probation officer he would be traveling there for several weeks at a time, he was told this was not allowed.

7. Mr. Brenner has signed contracts with his guests and must be at the property while they are there. If not, he could fail to meet his contractual obligations.

8. Additionally, Mr. Brenner was required to move his firearms from his home in Pennsylvania as a condition but he truthfully told the probation officer that there are guns at the hunting lodge in Kentucky. The probation officer told him this would be an issue.

9. Mr. Brenner respectfully requests this Court remove any travel restriction from his conditions and allow him to work at the hunting lodge in Kentucky. He also does not have an issue moving the firearms from his home in Pennsylvania, however, asks that any prohibition of possessing a gun, particularly while at the lodge in Kentucky, be removed.

10. 18 U.S.C. § 3142(b) states: “The judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an

unsecured appearance bond in an amount specified by the court, subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a), unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." Only upon a finding that personal recognizance will not reasonably assure the appearance of the person or will not reasonably assure the safety of the community should additional conditions be placed on a releasee.

11. Nothing in the record shows that this 62-year-old man with no criminal convictions, no violence, no drug use, who had a stable job for over 20 years, requires the conditions of a travel restriction and a restriction of his Second Amendment rights is required to reasonably assure the safety of the community or his appearance at Court. Mr. Brenner was summoned to Court and showed up, he has no history of probation violations (or probation) or failure to appears and his history and characteristics indicate that he is someone of whom nothing more than his personal recognizance is necessary. There is nothing in § 3142 allowing for standard conditions or conditions meant for the ease of probation. However, he is only asking that two of his conditions be modified.

WHEREFORE, for the foregoing reasons, it is respectfully requested that this Honorable Court grant the Motion to Modify Conditions of Release.

Respectfully submitted,

Date: September 2, 2026

*/s/ Beatrice F. Diehl*

BEATRICE F. DIEHL, ESQUIRE
Asst. Federal Public Defender
Attorney ID# FL0124667
100 Chestnut Street, Third Fl.
Harrisburg, PA 17101
Tel. No. 717-782-2237
Fax No. 717-603-3070
*beatrice_diehl@fd.org*
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I, Beatrice F. Diehl, Esquire, of the Federal Public Defender's Office, do hereby certify that I served a copy of the foregoing **Motion to Modify Conditions of Release**, via Electronic Case Filing, and/or by placing a copy in the United States mail, first class in Harrisburg, Pennsylvania, and/or by hand delivery, addressed to the following:

RAVI SHARMA, ESQUIRE
United States Attorney's Office
*Ravi.sharma@usdoj.gov*

Date: September 2, 2026

*/s/ Beatrice F. Diehl*
BEATRICE F. DIEHL, ESQUIRE
Asst. Federal Public Defender
Attorney ID# FL0124667
100 Chestnut Street, Third Fl.
Harrisburg, PA 17101
Tel. No. 717-782-2237
Fax No. 717-603-3070
*beatrice_diehl@fd.org*
*Attorney for Defendant*